IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

LUISA F. ARDILA,

UCN:522012 CA 000554 xx CICI

Plaintiff,

CASE NO.: 1 2 0 0 0 5 5 4CI

vs.

DIVISION: 006

TRANSAMERICA LIFE AND PROTECTION
d/b/a WESTERN RESERVE LIFE ASSURANCE COMPANY,
TRANSAMERICA ASSET MANAGEMENT
INC.,d/b/a AEGON US CORP.

Defendants.
_____/

## COMPLAINT

Comes now the Plaintiff LUISA F. ARDILA by and through undersigned counsel, hereby sues Defendants, TRANSAMERICA LIFE AND PROTECTION d/b/a WESTERN RESERVE LIFE ASSURANCE COMPANY, TRANSAMERICA ASSET MANAGEMENT INC.,d/b/a AEGON US CORP., (DEFENDANTS) and in support thereof alleges:

### NATURE OF THE ACTION

1. This is an action alleging employment discrimination and retaliation brought pursuant to Title VII of the Civil Rights Act of 1964 as amended (TITLE VII) 42 U.S.C. 2000e et seq., and the Florida Civil Rights Act (FRCA) Sections 760.01 et seq., Florida Statutes (2011).

2. Plaintiff, LUISA F. ARDILA, seeks an award of damages under TITLE VII and the FCRA for compensatory damages based on Defendants' discrimination and retaliation against her. In addition, pursuant to the FCRA, Plaintiff also seeks injunctive relief in the form of a cessation of unlawful, hostile activity, litigation

expenses, and an award of attorney's fees.

## JURISDICTION AND VENUE

3. Jurisdiction in this court is proper as this is an action for damages and equitable relief. The amount sought by Plaintiff, not including interest and costs, exceed $15,000.

4. Jurisdiction also lies with this court as there is concurrent jurisdiction of TITLE VII claims in state courts.

5. Venue is appropriate in Pinellas County. All acts complained of occurred in Pinellas County.

## PARTIES

6. Plaintiff, LUISA F. ARDILA, is a natural person who at all relevant times worked for the Defendants in Pinellas County. She is also a resident of Pinellas County. She began work as a Customer Service Representative for the Defendants in August of 2007. She was stationed at a bilingual desk due to proficiency in English and Spanish.

7. Defendants are a foreign corporation authorized to and doing business in the State of Florida. Plaintiff LUISA F. ARDILA began working for WESTERN RESERVE LIFE ASSURANCE COMPANY which was a entity under AEGON US CORP. AEGON US CORP. was then absorbed by TRANSAMERICA LIFE AND PROTECTION., or in the alternative, TRANSAMERICA ASSET MANAGEMENT INC.

## GENERAL ALLEGATIONS

8. Plaintiff is a Hispanic of Colombian Descent and birth.

9. More than thirty days prior to the institution of this lawsuit, Plaintiff LUISA F. ARDILA filed Charges of Discrimination and Retaliation against Defendants alleging violations of TITLE VII and the FCRA.

10. All conditions precedent to the institution of this lawsuit have been fulfilled. Plaintiff has received a "Right to Sue Letter" from the U.S. Equal Employment Commission and has timely file this lawsuit.

11. Since Plaintiff LUISA F. ARDILA began her employment with Defendants her employment began the Plaintiff was subjected to a hostile work environment based on national origin, Disparate treatment and retaliation after complaining of the discriminatory and retaliatory acts.

12. Since at least 2007. Plaintiff LUISA f. ARDILA was subjected to unlawful employment practices in violation of TITLE VII and FCRA as follows:

   a. The supervisors treated her differently by yelling at her, employing negative body language toward her, utilizing disapproving reactions to her requests for work assistance, demonstrating lack of respect and publically using demeaning facial expressions. These were all in direct contradiction to the manner in which others, not in the protected class, were treated.

   b. Her Supervisors criticized her accent, told her she needed to learn proper English, corrected her in front of others and asked her to

       repeat herself on an exaggerated basis. On one occasion she was publically reprimanded in front of her co-workers and told she "needed to make sure she listened and understand what was being told to her". This was due to her accent alone.

   c. She was denied the ability to request assistance in the performance of her job duties due to hostility and disparate treatment by her supervisors. She was directly intimidated by her supervisors action and not given the same opportunities as those not in the protected class.

13. Plaintiff LUISA F. ARDILA complained about these unlawful and discriminatory practices to her supervisors and Human Resource Department. Despite their assertions that the supervisors would be coached and the practices stopped, the plaintiff was retaliated against as follows:

   a. The practices outlined above intensified.

   b. Providing little opportunity for advancement or cross training as given others not in the protected class.

   c. An increase in complaints by her supervisors as to the quality and timeliness of her work product.

   d. She was accused of being to sensitive.

   e. Her requests for work assistance were ignored, she was given the "silent treatment" by her supervisors.

   f. She was informed by her human resources representative that

     "perhaps this is not a good place for you to work anymore.

  g. Her workloads increased dramatically when compared to those outside the protected class or those that had not raised the discriminatory practices.

14. The harassment and hostile actions outlined above was sufficiently severe or persuasive to constitute a hostile work environment.

15. The unlawful actions outlined above culminated in a tangible job detriment to The Plaintiff including but not limited to job performance complaints, denied employment opportunities and intimidation.

16. The unlawful actions outlined above subjected the Plaintiff to disparate treatment because of national origin (Hispanic and Colombian).

### COUNT I - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

17. Plaintiff LUISA F. ARDILA restates and re alleges the allegations contained in paragraphs 1 through 16.

18. Title VII of the Civil Rights Act of 1964, 40 2 U.S.C. Section 2000 E -2(A) states in pertinent part:

"It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or **national**

origin" (emphasis added).

19. Defendants discriminated against the Plaintiff with respect to the terms, conditions, and privileges of her employment.

20. Plaintiffs national origin was a motivating factor in Defendant's decision to criticize her in her job performance, to reprimand her for unwarranted reasons, to treat her differently than other non protected employees, to criticize her accent, to deny her opportunities for advancement and job security, and to unfairly assign job duties and assignments. Defendant's articulated reasons for said adverse treatment are merely pretext for intentional national origin-based discrimination.

21. The Defendant's discriminatory decisions, which were in violation of title VII were made willfully, maliciously, and with reckless indifference to the Plaintiff's rights.

22. As a result of the Defendant's unlawful discriminatory actions, the Plaintiff has suffered damages, including the need for psychiatric care and treatment.

Wherefore, the Plaintiff LUISA F. ARDILA, prays for judgment against the defendants in the form of: economic damages, including back pay and the value of any lost employment benefits, plus interest; front pay; damages for emotional distress, humiliation, embarrassment and inconvenience; reasonable attorneys fees and costs; and any other such relief that the court deems just and proper.

## COUNT II- VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, RETALIATION

23. Plaintiff LUISA F. ARDILA restates and re alleges the allegations contained in paragraphs 1 through 16.

24. Title VII of the Civil Rights Act of 1964, 40 2 U.S.C. Section 2000 E -2(A) states in pertinent part:

    It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment...., because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title. (Emphasis added)

25. As noted supra, the plaintiff for use to his employer. His good faith opposition to reasonably perceived national origin-based discrimination. Plaintiff also engaged in legally protected activity by filing a formal charge of discrimination with the EEOC.

26. The Plaintiff was retaliated against for having opposed such perceived discrimination. Said retaliation was in violation of title VII. All of the reasons articulated by Defendant for these actions were pre-textual and were intended to mask the real reasons for Defendant's actions : intentional retaliation for her having opposed reasonable believed perceived national origin-based discrimination.

27. The Defendant's retaliatory decisions, which were in violation of title VII, were made willfully, maliciously, and with reckless indifference to the Plaintiff's rights.

28. As a result of the Defendant's unlawful discriminatory actions, the Plaintiff has suffered damages, including the need for psychological care and treatment.

WHEREFORE, the Plaintiff LUISA F. ARDILA, prays for judgment against the defendants in the form of: economic damages, including back pay and the value of any lost employment benefits, plus interest; front pay; damages for emotional distress, humiliation, embarrassment and inconvenience; reasonable attorneys fees and costs; and any other such relief that the court deems just and proper.

## COUNT III - UNLAWFUL NATIONAL ORIGIN DISCRIMINATION UNDER THE FCRA

29. Plaintiff LUISA F. ARDILA restates and re alleges the allegations contained in paragraphs 1 through 16, and 18 through 23.

30. The actions of Defendant as detailed above are a violation of the Florida Civil Rights Act in that Defendant discriminated against Plaintiff because of her national origin.

31. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has been damaged and has experienced loss wages and benefits, pain and suffering, humiliation, mental anguish, and inconvenience

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants and that she be awarded: back pay; front pay; compensatory damages; pre-and post-judgment interest; punitive damages; damages for intentional infliction of emotional distress; reasonable costs and attorneys fees; and all other relief that the court determines to be just and proper.

## COUNT III - RETALIATION UNDER THE FCRA

32. Plaintiff LUISA F. ARDILA restates and re alleges the allegations contained in paragraphs 1 through 16, and 24 through 28.

33. The actions of Defendants' as detailed above are a violation of the Florida Civil Rights Act in that Defendant retaliated against Plaintiff for complaining about her national origin discrimination and harassment.

34. As a direct and proximate result of Defendants' unlawful retaliation Plaintiff has been damaged and has experienced loss wages and benefits, pain and suffering, humiliation, mental anguish and inconvenience.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants and that she be awarded: back pay; front pay; compensatory damages; pre-and post-judgment interest; punitive damages; damages for intentional infliction of emotional distress; reasonable costs and attorneys fees; and all other relief that the court determines to be just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all questions of fact raised by its complaint.

Respectfully Submitted,

*[signature]*

LUIS G. FIGUEROA, B.C.S.
Florida Bar No. 294268
4601 N. Armenia Avenue
Tampa, Florida 33603
TEL: (813) 998-9529
FAX: (813) 998-9329
Attorney for Plaintiff